UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LINDA CAPUTO,

                Plaintiff,

    -against-

COPIAGUE UNION FREE SCHOOL DISTRICT;
and CHARLES A. LEUNIG, INDIVIDUALLY
AND AS SUPERINTENDENT OF SCHOOLS,

                Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 15-5292 (DRH)

**APPEARANCES:**

**Law Offices of David Schlacter**
Attorneys for Plaintiff
626 RXR Plaza
Uniondale, New York 11556
By:    David Schlacter, Esq.

**Silverman & Associates**
Attorneys for Defendants
445 Hamilton Ave., Suite 102
White Plains, New York 10601
By:    Lewis R. Silverman, Esq.
         Caroline B. Lineen, Esq.

**HURLEY, Senior District Judge:**

Plaintiff, Linda Caputo, ("plaintiff" or "Caputo") commenced this action on September 13, 2015 against the Copiague Union Free School District (the "District") and its Superintendent, Charles A. Leunig ("Leunig") (District and Leunig are collectively referred to as "defendants") asserting claims pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. (the "ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq*. (the "ADEA") and the New York State Human Rights Law, N.Y. Exec. Law §290, *et seq*. (the "NYSHRL").

Presently before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and plaintiff's cross-motion to amend her complaint. For the reasons set forth below, defendants' motion is granted in part and denied in part and plaintiff's cross-motion is denied.

**FACTUAL BACKGROUND**

The following allegations are taken from the Complaint ("Compl."), with certain dates modified as set forth in plaintiff's letter dated November 1, 2016.[1]

Plaintiff has been employed by the District as an assistant principal since September 2003. (Compl. ¶ 13.) Born on January 7, 1953, she "was the oldest person among the principals and assistant principals employed by the [District]." (*Id*. ¶¶ 7, 14.) On or about December 18, 2013, plaintiff underwent surgery, i.e. "an open reduction and internal fixation," for a "trimalleolar fracture" to her right ankle sustained five days before.

Apparently plaintiff was unable to work for the next six weeks as a result of that injury and surgery, as it is alleged that when she returned to work on or about February 4, 2014, she was "substantially impaired in the major life functions of walking and standing" but still "able to perform the essential duties of her position." (Compl. ¶¶ 18-20.) Upon her return, "reasonably believ[ing] she was entitled to reasonable accommodations," she "requested reasonable accommodations, including bringing her wheel chair to her upon her arrival at the curb in front of

---

[1] By Order dated October 28, 2016, plaintiff was directed to clarify certain inconsistencies in the dates contained in the complaint and her first proposed amended complaint and to the extent necessary file a seconded amended complaint with correct dates. On November 2, 2016 plaintiff filed a letter setting forth the correct dated and including a second proposed amended complaint with those dates. References herein to the proposed amended complaint are to the second proposed amended complaint filed in accordance with the Court's Order.

the school, modifying her hours, modifying her night assignments, modifying her cafeteria supervision duties, and modifying the an [sic] alleged dress code." (*Id*. ¶ 20-21.) "Defendants directed the nursing and security staffs not to assist" her and "failed to provide [her] with reasonable accommodations provided to younger employees." (*Id*. ¶ 23-24.)

"On or about March 24, 2014, the Defendants reassigned the plaintiff pending investigation." (Compl. ¶25.) The complaint contains no specifics regarding either the reassignment or the investigation. It simply goes on allege that on or about September 15, 2014, defendants brought charges under New York State Education Law 3020-a,[2] which charges were brought "without good cause or justification," "in retaliation for the Plaintiff having requested reasonable accommodations," and because of her age and disability. (*Id.* ¶¶ 26-30.)

The allegations in the proposed amended complaint ("PAC") mirror the allegations in the complaint with the following exceptions. First, it reflects the issuance of a right to sue letter. Second, it omits any federal claims against Leunig. Third, it is alleged that most of the 3020-a charges, which were recommended to the Board by Leunig, relate to events that occurred before she was injured and that at the time of those events defendants did not discuss them with her or criticize her for them. Moreover, no such unjustified charges were brought against "younger employees or employees who were not disabled or perceived as disabled." (PAC ¶¶ 3, 27, 28 & 32.) Lastly, with respect to her request for accommodation, it is alleged that defendants failed to provide her "with reasonable accommodations provided to younger employees whose injuries interfered with their ability to walk. Younger staff members were provided with assistance

---

[2] Section 3020-a sets forth the disciplinary procedures for tenured educators in the State of New York.

moving about the building, including but not limited to Jean Marie Fortunato and Ben Shurline." (*Id*. ¶ 24.)

## PROCEDURAL BACKGROUND

On November 24, 2014, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She requested a right to sue letter on August 17, 2015 and received it on or about January 13, 2016.

On December 11, 2014, plaintiff presented a notice of claim to the District pursuant to § 3813 of the New York Education Law. The notice of claim explicitly named the District ("Copiague Public Schools" and the "Board of Education"). Although it did not explicitly name Leunig, it did include the identifier "Superintendent" as one of the parties.

The instant action was commenced on September 13, 2015.

## DISCUSSION

### I. Legal Standard: Rule 12(b)(1) Motion

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" *MacPherson v. State St. Bank & Trust Co.*, 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting *Reserve Solutions Inc. v. Vernaglia*, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), *aff'd*, 273 F. Appx. 61 (2d Cir. 2008); *accord Tomaino v. United States*, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the

4

Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

**II.     Legal Standard: Rule 12(b)(1) Motion**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.  *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks

for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

A discrimination plaintiff need not allege facts establishing each element of a prima facie case of employment discrimination in order to survive a motion to dismiss. *See Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). "[A]t the pleadings stage . . ., a plaintiff has a 'minimal burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 310). The allegations in the complaint "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311; *see also Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against [him] at least in part for a discriminatory reason, and [he] may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.") "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the

6

employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (2d Cir. 2015) (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). Courts making the plausibility determination should do so "mindful of the elusive nature of intentional discrimination" and the frequency by which plaintiffs must "rely on bits and pieces of information to support an inference of discrimination, i.e., a mosaic of intentional discrimination." *Vega*, 801 F.3d at 86-87 (italics and internal quotation marks omitted).

### III. Legal Standard: Motion to Amend

Federal Rule of Civil Procedure ("Rule") 15(a) provides, in pertinent part, that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend may properly be denied on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the proposed amendment. *See Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Although the decision whether to allow a party to amend its complaint is left to the sound discretion of the district court, there must be good reason to deny the motion. *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995); *see also S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

"One appropriate basis for evaluating the productivity of a proposed amendment lies in the relative futility of accepting the proposed amended complaint." *Wilson v. Toussie*, 260 F.

7

Supp. 2d 530, 535 (E.D.N.Y. 2003); *accord Lucente v. Int'l Bus. Mach.. Corp.*, 310 F.3d 243, 258 (2d Cir.2002). If the proposed amendment would not survive a motion to dismiss, then it is appropriately denied as futile. *Wilson*, 260 F. Supp. 2d at 535 (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

## IV. Summary of Arguments

In support of their 12(b)(1) motion defendants argue that plaintiff failed to comply with the condition precedent of receiving a right to sue letter from the EEOC prior to commencing this action. They also assert that as she did not file her notice of claim until December 11, 2014, any state law discrimination claims arising prior to September 12, 2014 are barred. Plaintiff responds that any defect as to her federal claims is cured by the fact she received the right to sue letter after commencement of this action. Moreover, she clarifies that "she is not making claims under state law for events which occurred more than ninety days prior to the filing of the notice of claim [on December 11, 2014]." (Pl.'s Mem. at 4.) In other words her state law claims relate only to the bringing of the § 3020-a charge against her. (*See id*.)

Defendants also raise several arguments in support of their motion to dismiss for failure to state a claim. First, they assert that certain of her discrimination and retaliation claims pursuant to the NYSHRL are time-barred. Additionally, her NYSHRL disability claim must fail because she is not disabled under that law and has failed to sufficiently allege that she was denied a reasonable accommodation. It is also argued that her federal and state law claims for retaliation do not sufficiently allege a causal connection between the protected activity and the adverse action. Also, her failure to allege sufficient facts to support a claim of age discrimination under

8

either federal or state law warrants dismissal. Finally, defendants argue that all claims against Leunig must be dismissed because there is no individual liability under the ADA or ADEA, he was not specifically named in the notice of claim and as the discrimination and retaliation claims under the NYSHRL against the District fail, so too must any aider and abettor claims against Leunig.

In response, plaintiff asserts that her state claims are timely because she timely filed a notice of claim with respect to the retaliatory act of bringing charges against her. (Pl.'s Mem at 7.) She also argues that the notice of claim sufficiently identified Leunig as it references "superintendent" as a party. Moreover, the NYSHRL defines disability more broadly than does the ADA and under that broader definition she is disabled as she "had a medically diagnosable impediment." (*Id*. at 5.) As to her claims for retaliation and discrimination, she maintains they are sufficiently pled or, alternatively, she should be permitted to amend her complaint. (*Id*. at 5-7.) Finally, she argues she has stated a claim against Leunig under the NYSHRL.

**V.      The Court has Subject Matter Jurisdiction**

**A.      There is Subject Matter Jurisdiction over the Federal Claims**

The Court shall first address defendants' argument that there is a lack of subject matter jurisdiction because plaintiff failed to comply with the condition precedent of receiving a right to sue letter from the EEOC.

A plaintiff must file a timely charge with the EEOC and must receive a "right to sue" letter from the EEOC before commencing an action pursuant to the ADA and ADEA. *See* 42 U.S.C. § 2000e-5(f)(1). While "[t]his exhaustion requirement is an essential element of [the]

statutory scheme designed to give the administrative agency the opportunity to investigate, mediate, and take remedial action," *Shah v. N.Y. State Dept. of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999), it is not a jurisdictional requirement, *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Rather, exhaustion of remedies is a condition precedent, which can be waived by the parties. *Id*. In addition, "the administrative exhaustion requirement may be waived to serve equity." *Grey v. Promenade Rehab. and Care Ctr.*, 145 Fed. Appx. 705, 707 (2d Cir. 2005). "For the Court to waive a plaintiff's failure to obtain a right to sue letter, the plaintiff must show or allege that he made an effort to procure the right to sue letter or that he raised the failure to issue a right to sue letter with the EEOC." *Canty v. Wackenhut Corr. Corp.*, 255 F. Supp. 2d 113, 117 (E.D.N.Y. 2003); *see also Pietras v. Bd. of Fire Commrs*, 180 F.3d 468, 474 (2d Cir. 1999) (holding that a demonstration of "diligent effort" to procure a right to sue letter is sufficient to excuse the condition precedent of obtaining one).

Here, the complaint alleges that plaintiff requested a right to sue letter nearly nine months after she filed the charge of discrimination. In addition, she has now received the letter. As the complaint alleges plaintiff made a diligent effort to procure a right to sue letter and given that she has now received the letter, it appropriate for this court to exercise its discretion to excuse her failure to obtain the letter prior to the commencement of this action. *Cf. Pietras*, 180 F.3d at 474 (given that plaintiff made a diligent effort to obtain a right to sue letter, district court acted within its discretion by excusing the absence of such a letter). Accordingly, that portion of defendants' motion to dismiss due to the failure to obtain a right to sue letter is denied.

The Court now turns to defendants' argument that is lacks subject matter jurisdiction over the causes of action pursuant to the NYSHRL because plaintiff failed to file a timely notice of

claim.

### B. There is Subject Matter Jurisdiction over the NYSHRL Claims

Section 3813(2) of the Education Law provides in relevant part:

> No action . . . founded upon tort shall be prosecuted or maintained against any of the parties named in this section [which includes school districts] or against any teacher or member of the supervisory or administrative staff or employee where the alleged tort was committed by such teacher, or member, or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or trustees, or governing body of the school unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. . . .

N.Y. Educ. Law § 3813(2).

New York General Municipal Law 50-e, which is referenced in § 3813, requires that a plaintiff must file a notice of claim prior to commencement of a tort action against a municipality, and must serve the notice of claim within ninety (90) days after the claim arises. N.Y. Gen. Mun. Law § 50-e. It is well settled that compliance with Education Law § 3813 is a condition precedent to commencement of a tort action against a school board, its members or employees. *P.J. Panzeca, Inc. v. Bd. of Educ., Union Free Sch. Dist. No. 6,* 29 N.Y.2d 508 (1971). "The notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action." *Warner v. Village of Goshen Police Dept.,* 256 F. Supp. 2d 171, 175 (S.D.N.Y. 2003). The burden is on the plaintiff to plead and prove compliance with the requirements of § 3813. *Panzeca,* 28 N.Y.2d at 508; *Stoetzel v. Wappingers Cent. Sch. Dist.*, 166 A.D.2d 643, 644 (2d Dept. 1990).

Last year, in *Margerum v. City of Buffalo*, 24 N.Y.3d 721 (2015), the New York Court of

Appeals held that a notice of claim need not be filed for a Human Rights Law claim against a municipality because such a claim is not a tort action under §50-e of the New York General Municipal Law nor is it a personal injury, wrongful death, or damage to personal property claim under § 50-i of that statute. *Id.* at 730. Although decided nearly one year before the instant motion was made, neither party has addressed the impact of *Margerum* on the present case. Moreover, it does not appear that the impact on *Margerum* on Education Law § 3813 has been addressed by any court. *But see generally Carter v. Syracuse City School District*, – Fed. Appx. –, 2016 WL 4183486 (2d Cir. Aug. 8, 2016) (remanding case for District Court to consider *Margerum's* impact on § 3813 and claims against a school district or its officers). Given that Education Law § 3813, like General Municipal Law 50-e, requires a notice of claim as a condition precedent to an action "founded on tort," *see* N.Y. Educ. Law§ 3813(2) and given the *Margerum* court's pronouncement that NYSHRL claims "are not tort actions under section 50-e," 24 N.Y.3d at 730, it follows that such claims are not tort action under Education Law § 3813 and therefore a notice of claim for a NYSHRL claim against a school district or its personnel is not required. Accordingly, defendants' motion to dismiss plaintiff's NYSHRL claims for failure to timely file a notice of claim is denied. Furthermore, the Court need not reach the issue of whether Leunig was sufficiently identified in the notice of claim as no notice of claim is required.

Having denied the motion to dismiss for lack of jurisdiction, the Court now turns to defendants' 12(b)(6) motion.

## VI. Defendants' 12(b)(6) Motion

### A. Timeliness of Plaintiff's NYSHRL Claims

Relying upon New York Education Law § 3813(2-b), defendant asserts that "any and all

NYSHRL discrimination and retaliation claims arising out of alleged acts, decisions and/or omissions that occurred prior to September 13, 2014, including but not limited to all claims based on an alleged failure to accommodate and the reassignment in March 2014, must be dismissed with prejudice." Defs.' Mem. at 6.

Education Law § 3813(2-b) requires that damage claims for workplace discrimination bought pursuant to the NYSHRL against a school district and its officers, which includes superintendents, be commenced with one year. *Amorosi v. South Colonie Indep. Cent. Sch. Dist.*, 9 N.Y.3d 367, 371-73 (2007); *Cincotta v. Hempstead Union Free Sch. Dist.*, 2016 WL 4536873, *17 (E.D.N.Y. Aug. 30, 2016); *Smith v. Tuckahoe Union Free Sch. Dist.*, 2009 WL 3170302, * 10 (S.D.N.Y. Sept. 30, 2009). Accordingly, any NYSHRL claims based on an alleged failure to accommodate plaintiff when she returned to work in February 2014 and her reassignment in March 2014[3] are dismissed as time barred.[4]

### B. Sufficiency of Retaliation Claims

In order to state a claim of retaliation under the ADA and NYSHRL, a plaintiff must allege that: (1) she engaged in protected activity; (2) defendant was aware of the activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 149 (2d Cir. 2002); *Sarno v. Douglas Eliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999);

---

[3] Plaintiff apparently does not dispute that such claims are untimely as in her memorandum she has limited her NYSHRL claims to "the retaliatory act of bringing [§ 3020-a] charges against her." Pl.'s Mem. at 7; *see also id*. at 4.

[4] As the NYSHRL disability claims are time barred (and abandoned), the Court need not address defendants' arguments that plaintiff is not disabled under that law and that she has failed to sufficiently alleged denial of a reasonable accommodation.

*see, e.g., Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (applying Title VII retaliation standard to ADA retaliation claim); *Vasquez v. Empress Ambulance Serv., Inc.*, – F.3d –, 2016 WL 4501673 (2d Cir. Aug. 29, 2016) ( applying Title VII retaliation standard to NYSHRL retaliation claim); *Pucino v. Verizon Wireless Commc'ns*, Inc., 618 F3d 112, 117 n.2 (2d Cir. 2010) (same).

Defendants' motion to dismiss addresses only the fourth prong, asserting that the more than seven months between when plaintiff returned to work in February 2014 and asked for accommodation and the alleged retaliatory act, viz. the bringing of 3020-a charges, is too long to support an inference of a causal connection and there are no other factual allegations to support a retaliatory motive. (Defs.' Mem. at 9-10). Like defendants, the Court shall limit its analysis to the fourth prong.

The Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *Gorman–Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001). It has, however, upheld an inference of a causal connection based on lapses of up to eight months between the protected activity and the alleged retaliatory actions. *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45–46 (2d Cir. 1980) (eight month gap between EEOC complaint and retaliatory act suggested causal relationship); s*ee Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (inferring causal connection with six-month lapse)*; Gorman–Bakos*, 252 F.3d at 554 (same with five month lapse); *see also Cioffi v. Averill Park Central School Dist. Bd of Ed.*, 444 F.3d 158, 168 (2d Cir. 2006) (little over three months in not "too long for any inference of retaliatory motive and causation to be drawn").

While the seven months gap in this case may test the outer limits of inferring a causal connection, there are other allegations in the complaint which, together with the temporal connection, help provide plausibility to the claim that the 3020-a charge were retaliatory. For example, the complaint alleges that "Defendants directed the nursing and security staff not to assist" her and that less than two months after her protected activity she was "reassigned pending investigation." To quote the *Vega* court, while these actions individually "might not amount to much[,] [t]aken together . . . they plausibility paint a mosaic of retaliation . . . ." *Vega*, 801 F.3d at 92.[5]

The motion to dismiss the retaliation claims is denied.

C.     **Sufficiency of Age Discrimination Claims**

"To survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer and that her age was a 'but-for' cause of the adverse action." *Marcus v. Leviton Mfg. Co., Inc.*, – Fed. Appx. – , 2016 WL 4598580 (2d Cir. Sept. 2, 2016) (citing *Vega*, 801 F.3d at 87).

Defendants' motion to dismiss the age discrimination claims focuses on what they term a failure "to plead any specific facts that plausibly suggest age was the "but-for cause of any alleged adverse action." (Defs.' Mem. at 11.) Plaintiff responds that she "has alleged that younger people with disabilities limiting their ability to walk were treated differently;" that "she

---

[5] The Court notes parenthetically that the allegations in the proposed amended complaint that the 3020-a charge were based on events that occurred before she was injured and that at the time of those events defendants did not discuss them with her or criticize her for them, provides further support for the retaliation claim.

15

was the oldest of the principals and assistant principals;" and "[g]iven her good record of service [she] has pleaded enough facts for there to be an inference of age discrimination." (Pl.'s Mem. at 7.)

Plaintiffs allegations are woefully insufficient to plausibly support a minimal inference of age discrimination. While the complaint refers to younger employees who were accommodated, no names,[6] dates, ages, or specifics of the accommodations made for these other employees are provided.  Absent such specifics, the Court cannot draw a reasonable inference of liability under the ADEA or the NYSHRL. *See Marcus*, 2016 WL 4598580, at *2 (merely alleging that "younger" employees were treated better without specifics information as to whether they were otherwise similarly situated does not give rise to minimal inference of age discrimination). Similarly, no such inference can be made as to institution of 3020-a proceeding merely because plaintiff was the oldest of principals and assistant principals and she had a good service record. Accordingly, defendants' motion to dismiss both the federal and state age discrimination claims is granted.

**D.     The Claims Against Leunig**

The Court now turns to that portion of Defendants' motion which addresses the claims against Leunig. Defendants' raise three points in support of its position that these claims should be dismissed: (1) there is no individual liability under the ADA or ADEA; (2) Leunig was not specifically named in the notice of claim; and (3) as the NYSHRL discrimination and retaliation claims against the District fail, so too must any aider and abettor claims against Leunig.

---

[6] Although the proposed amended complaint provides the names of two younger employees who were accommodated, the claim for age discrimination in that pleading is still deficient for the reasons discussed *infra*.

Plaintiff concedes that Leunig cannot be liable under the ADA or ADEA and therefor those claims are dismissed. Additionally, given this Court's earlier holding that section 3813 of the Education Law does not require a notice of claim for causes of action under the NYSHRL it need not address whether Leunig was appropriately named in the notice that was served. Finally, as the motion to dismiss the NYSHRL retaliation claim was denied but the NYSHRL claims based on age and the failure to accommodate plaintiff's disability were dismissed, only the retaliation claim remains against Leunig.

## VII. Plaintiff's Motion to Amend

The last issue to be addressed is plaintiff's motion to amend her complaint. To place the discussion in context, given the Court's rulings with respect to defendants' motion to dismiss, the only issue is whether the proposed amended complaint rectifies the deficiencies noted by the Court with respect to plaintiff's federal and state age discrimination claims. It does not. Accordingly, as the proposed amendment would be futile, the motion to amend is denied.

Only two new allegations in the proposed amended complaint have a bearing upon the age discrimination claims. They are that (1) "unjustified charges were not brought against younger employees or employees who were not disabled or perceived as disabled" (PAC ¶ 32); and (2) "[d]efendants failed to provide [her] with reasonable accommodations provided to younger employees whose injuries interfered with their ability to walk. Younger staff members were provided with assistance moving about the building, including but not limited to Jean Marie Fortunato and Ben Shurline." (*Id*. ¶ 24.)

 "Without any specific information as to whether these employees were otherwise similarly situated" not even a minimal inference of discrimination can arise from these additional

17

allegations. *See Marcus*, 2016 WL 4598580, at *2. Indeed, while it is alleged that Ms. Fortunato and Mr. Shurline were "younger" and "provided with assistance moving about the building," plaintiff's request for accommodation was not so limited and extended to "bringing her wheel chair to her upon her arrival at the curb in front of the school, modifying her hours, modifying her night assignments, modifying her cafeteria supervision duties, and modifying the an [sic] alleged dress code." Compl. ¶ 21. Similarly, the allegation that "younger" employees were not subject to unjustified charges - bereft of any specific facts - does not support any such inference. *Id*.; *cf. Littlejohn*, 795 F.3d at 312 (employee attempting to show that she was treated less favorably than others outside her protected group must show she was similarly situated in all material respects).

The motion to amend is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted as to (1) the NYSHRL claims against both defendants based on the alleged failure to accommodate plaintiff when she returned to work and her reassignment in March 2014; (2) the age discrimination claims against both defendants under federal and state law; and (3) the ADA claims against Leunig; the motion is otherwise denied. Plaintiff's cross-motion to amend her complaint is denied.

**SO ORDERED.**

Dated: Central Islip, New York
      November 4, 2016                               /s/ Denis R. Hurley
                                                                    United States District Judge